IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LENIOR SMITH,

      Plaintiff,                      No. CIV S-05-1257 GEB KJM P

   vs.

STATE OF CALIFORNIA, et al.,

      Defendants.               ORDER
_____/

       Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants are either employees or former employees of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff alleges his civil rights were violated because he was not provided adequate health care and he was mistreated during institutional lockdowns. Several matters are before the court.

1. Plaintiff's June 27, 2007 Motion For A Preliminary Injunction

       Plaintiff has filed a motion asking that the court order prison officials to provide plaintiff with two hours' access to the prison law library every day. See Pl.'s Mot. (proposed order attached). Plaintiff has not shown any cause for entry of such an order as he has not

/////

/////

established that the access he now has to legal materials is insufficient for plaintiff to pursue this action.[1]  His motion will be denied.

2. <u>Plaintiff's August 10, 2007 Motion To Compel (Defendant Hickman)</u>

Plaintiff has filed a motion asking that defendant Hickman be compelled to provide responses to discovery request numbers 6, 7, 9, 11, 16 and 19.  With their opposition, defendants include Hickman's responses to plaintiff's discovery requests.

A. <u>Request #6</u>

In request number 6, plaintiff asks defendant Hickman to provide him with information regarding recreation time for inmates on lockdown status.  Defendant Hickman objects to the request on grounds that are not well-taken and provides plaintiff a copy of the portion of the California Code of Regulations concerning recreation.  There is nothing in that document particular to lockdowns.  In his motion to compel, plaintiff reiterates that he seeks information regarding recreation time for inmates on lockdown.  In his opposition, Hickman's counsel purports to clarify what a lockdown is and what the effects are generally.  Counsel's argument does not respond substantively to plaintiff's motion or the underlying interrogatory. Counsel also indicates that Hickman no longer works for CDCR so he does not currently have access to CDCR documents.

Good cause appearing, the court will order defendant Hickman to file a further response to request number 6 within ten days.  In the response, Hickman shall describe and identify any policies or procedures that were particular to inmates on lockdown status between December 2003 and March 2006, concerning how such inmates would be given recreation time. To the extent defendant Hickman cannot so respond because he does not have the requisite recollection or access to records, he shall so state under oath.

---

[1] To the extent plaintiff believes he has been denied access to this court with respect to claims other than those at issue in this case, plaintiff's recourse would appear to be to seek relief in a separate action.

B. <u>Request #7</u>

In request number 7, plaintiff asks Hickman to indicate how much recreation time inmates on lockdown status at High Desert between May 2003 and March 2006 were supposed to receive. Defendant Hickman has responded to the question by identifying certain noninclusive factors related to the provision of recreation time and noting that a range of conditions affected the availability of recreation time between 2003 and 2006; he also states he lacks personal knowledge to respond to other aspects of the request. Plaintiff has not indicated how defendant Hickman's response is incomplete nor is such readily apparent. Hickman will not be ordered to respond further to request number 7.

C. <u>Request #9</u>

In this request, plaintiff asks to be provided with a list of the names and inmate numbers of all the inmates housed in High Desert State Prison buildings B, C and D between May 2003 and May 2006, and the current locations of those inmates. Defendant Hickman did not respond to this request. Instead, he objected that the request is, among other things, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The objection is sustained. <u>See</u> Fed. R. Civ. P. 26(b)(1). Defendant Hickman will not be required to respond further to request number 9.

D. <u>Request #11</u>

Here, plaintiff seeks information regarding lockdowns that occurred at High Desert between May 2003 and March 2006. Defendant Hickman has responded by turning over several documents responsive to plaintiff's request. <u>See</u> Opp'n, Ex. F attached to Ex. A. Hickman also indicates he does not have any personal knowledge with respect to the information requested. Plaintiff has failed to indicate how this response is inadequate or inappropriate. Hickman will not be required to respond further to request number 11.

/////

/////

B. <u>Request #7</u>

In request number 7, plaintiff asks Hickman to indicate how much recreation time inmates on lockdown status at High Desert between May 2003 and March 2006 were supposed to receive. Defendant Hickman has responded to the question by identifying certain noninclusive factors related to the provision of recreation time and noting that a range of conditions affected the availability of recreation time between 2003 and 2006; he also states he lacks personal knowledge to respond to other aspects of the request. Plaintiff has not indicated how defendant Hickman's response is incomplete nor is such readily apparent. Hickman will not be ordered to respond further to request number 7.

C. <u>Request #9</u>

In this request, plaintiff asks to be provided with a list of the names and inmate numbers of all the inmates housed in High Desert State Prison buildings B, C and D between May 2003 and May 2006, and the current locations of those inmates. Defendant Hickman did not respond to this request. Instead, he objected that the request is, among other things, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The objection is sustained. <u>See</u> Fed. R. Civ. P. 26(b)(1). Defendant Hickman will not be required to respond further to request number 9.

D. <u>Request #11</u>

Here, plaintiff seeks information regarding lockdowns that occurred at High Desert between May 2003 and March 2006. Defendant Hickman has responded by turning over several documents responsive to plaintiff's request. <u>See</u> Opp'n, Ex. F attached to Ex. A. Hickman also indicates he does not have any personal knowledge with respect to the information requested. Plaintiff has failed to indicate how this response is inadequate or inappropriate. Hickman will not be required to respond further to request number 11.

/////

/////

### E. Request #16

In request number 16, plaintiff seeks information regarding any testimony given by defendant Hickman in any matter concerning CDCR, plus copies of any transcripts of testimony. Defendant objects to this as, among other things, overbroad. The objection is sustained. Because plaintiff has not shown that request number 16 is reasonably calculated to lead to the discovery of admissible evidence, nor is it readily apparent that this standard is met, defendant Hickman will not be required to respond further to this request. See Fed. R. Civ. P. 26(b)(1).

### F. Request # 19

Here plaintiff seeks information regarding testimony presented by defendant Woodford in any matter concerning CDCR. As with request number 16, this request is overbroad and defendant Hickman will not be ordered to respond further.

### 3. Plaintiff August 10, 2007 Motion To Compel Directed To All Defendants

Plaintiff seeks an order compelling all defendants to provide plaintiff a copy of a videotape depicting plaintiff being physically removed from a prison cell by correctional officers sometime between June and December 2005.

Defendants assert plaintiff was allowed to view the videotape on August 21, 2007. They also assert plaintiff may not possess a copy of the videotape for security reasons.

In light of the defendants' response, plaintiff's August 10, 2007 motion to compel production of the videotape described above will be denied as moot. Furthermore, plaintiff has not indicated why he needs to actually posses the videotape, why he wishes to do so or that he would even be able to view it without correctional officer assistance. Defendants are advised, however, that the videotape shall remain in their possession and be maintained in its original condition until the conclusion of these proceedings.

/////

/////

4. Plaintiff's September 4, 2007 "Extension Of Time Request For Discovery . . ."

Plaintiff filed a motion on September 4, 2007 under the above title. However, the motion is incomplete and does not indicate precisely what action plaintiff wishes the court to take. Therefore, the motion will be denied.

5. Scheduling

Defendants request that the court vacate the dates currently established for the filing of pretrial statements, pretrial conference and trial. Good cause appearing, defendants' request will be granted and those dates will be re-established, if necessary, after there is a ruling on defendants' pending motion for summary judgment.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 27, 2007 motion for a preliminary injunction (docket no. 29) is denied;

2. Plaintiff's August 10, 2007 motion to compel (docket no. 40) is granted in part and denied in part as follows:

    A. Within ten days, defendant Hickman shall provide a further response to request to produce / interrogatory #6. He shall describe and identify any policies or procedures that were particular to inmates on lockdown status between December 2003 and March 2006 concerning how such inmates would be given recreation time. To the extent defendant Hickman cannot comply with this order because he does not have the requisite recollection or access to records, he shall so state under oath.

    B. Denied in all other respects.

3. Plaintiff's August 10, 2007 motion to compel all defendants to provide plaintiff with a copy of a videotape documenting plaintiff's being physically removed from a prison cell by correctional officers sometime between June and December 2005 (docket no. 41) is denied. Defendants are instructed however to maintain the videotape in its original condition

1 | in their possession and not destroy it before the conclusion of this action, including any appeals
2 | thereof.
3 |     4. Plaintiff's September 4, 2007 "Extension Of Time Request For Discovery . . ."
4 | (docket no. 50) is denied.
5 |     5. Defendants' December 13, 2007 request that the court vacate the dates
6 | currently established for the filing of pretrial statements, the disclosure of experts, pretrial
7 | conference and trial (docket no. 58) is granted. Those dates are vacated and will be re-
8 | established, if necessary, after there is a ruling upon defendants' pending motion for summary
9 | judgment.
10 | DATED: March 26, 2008.

                  [signature]
                  U.S. MAGISTRATE JUDGE

1
smit1257.abs