IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LENOIR SMITH,

    Plaintiff,                       No. CIV S-05-1257 GEB KJM P

  vs.

STATE OF CALIFORNIA, et al.,

    Defendants.           <u>ORDER</u>

                                /

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. A motion for summary judgment was filed on behalf of several defendants on November 28, 2007. The motion was mostly granted on January 16, 2009, but was denied with respect to an Eighth Amendment claim and a denial of equal protection claim against defendant Runnels (defendant) both of which are based on denial of outdoor exercise. Defendant now asks that the court reconsider the January 16, 2009 ruling with respect to the remaining claims.

        A court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with

/////

1  newly discovered evidence, (2) committed clear error or the initial decision was manifestly
2  unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.
3          Defendant fails to point to any valid reason for the court to revisit the ruling as to
4  the remaining equal protection claim.  While defendant asserts the Ninth Circuit's ruling in
5  Norwood v. Vance, 591 F.3d 1062 (9th Cir. 2010) somehow changed the law with respect to the
6  remaining equal protection claim (mot. at 11-14), the Ninth Circuit was careful to mention in
7  footnote 1 of that opinion that it expressed "no view" as to any potential equal protection claim.
8          However, Norwood, does change the law with respect to an issue raised by
9  defendant in his motion for summary judgment:  whether he is immune from liability for
10 plaintiff's Eighth Amendment claim under the doctrine of qualified immunity.  Specifically, the
11 Ninth Circuit held for the first time that a prison official is immune from suit for failing to
12 provide an inmate with outdoor exercise, as is required under the Eighth Amendment, if such
13 exercise was denied "in the midst of severe ongoing prison violence." Norwood, 591 F.3d at
14 1068.
15         Defendant asks that the court find defendant is immune from plaintiff's Eighth
16 Amendment claim in light of Norwood.  But his argument is unfocused and also confusing
17 because he refers to exhibits not attached to, or filed with the motion.  Furthermore, the version
18 of Norwood to which defendant refers in his motion was amended by the version cited above.
19 All of these facts make it difficult for plaintiff to file an effective opposition to the request for
20 summary judgment and for the court to render a clear and concise ruling.
21         In light of the foregoing, defendant will be given leave to file a motion for
22 summary judgment in which defendant argues only that he is immune from plaintiff's remaining
23 Eighth Amendment claims because any denial of outdoor exercise occurring between December
24 26, 2003 and March 2004, and then January 27, 2005 and June, 2005 was "in the midst of severe
25 ongoing prison violence."  Any evidence in support of the motion must be attached to the
26 motion; defendant is not free to simply refer back to evidence submitted with previous motions.

1  Also, references to <u>Norwood</u> in the motion must be to the amended opinion filed January 7, 2010
2  (591 F.3d 1062).

3         Accordingly, IT IS HEREBY ORDERED that:

4         1. Defendant's August 31, 2009 motion for reconsideration (#85) is granted in
5  part and denied in part as follows:

6         2. Defendant is granted thirty days within which to file the motion for summary
7  judgment described above.  Plaintiff shall file an opposition to the motion within thirty days of
8  service thereof.  Defendant may file a reply within fifteen days of service of the opposition.

9         3. Defendant's motion for reconsideration is denied in all other respects.

10 DATED:

Dated: May 26, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge