IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LENIOR SMITH,

     Plaintiff,                     No. CIV S-05-1257 GEB KJN (TEMP) P

    vs.

STATE OF CALIFORNIA, et al.,

     Defendants.             <u>ORDER</u>

         Plaintiff has filed a motion asking that former defendants Woodford and Hickman be reinstated. Both defendants were granted summary judgment on January 16, 2009. The court construes plaintiff's motion for reinstatement as a motion for reconsideration of the court's January 16, 2009 order.

         A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). <u>See</u> <u>Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." <u>Id.</u> at 1263.

/////

/////

1

Plaintiff refers to California Department of Corrections and Rehabilitation regulations which he has recently discovered as "newly discovered evidence." Even if the court considers the regulations as "evidence," the court can only grant a motion for reconsideration if the evidence described as "newly discovered" could not have been found earlier with reasonable diligence. See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d. 208, 212 (9th Cir. 1987). Plaintiff has failed to indicate why he did not locate the regulations identified in time for incorporation into his opposition to Woodford and Hickman's motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's January 10, 2011 "request to reinstate defendants Woodford and Hickman . . ." is denied.

DATED:

Dated: March 10, 2011

GARLAND E. BURRELL, JR.
United States District Judge